IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LACY E. TILLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil Action No.09-299 |
| ) | Judge Arthur J. Schwab/ |
| ALLEGHENY COUNTY JAIL; ) | Chief Magistrate Judge Amy Reynolds Hay |
| RAMON RUSTIN, Warden; ) | |
| U.S. MARSHALL SUPERVISOR; ) | |
| C.0. BUTLER; CAPTAIN LEIGHT; ) | |
| CAPTAIN MAUST; CAPTAIN ) | |
| STANTON; SERGEANT COULTER; ) | |
| KENGERSKI; C.O. KOVAC; CAPTAIN ) | |
| DEMORE; ALLEGHENY COUNTY ) | |
| HEALTH SERVICES; DANA PHILLIPS; ) | |
| DR. MEBANE; NURSE NANCY, ) | |
| Defendants. ) | |

<u>MEMORANDUM OPINION</u>

The Plaintiff in this civil rights action, Lacy E. Tilley, Jr. ("Tilley" or "the Plaintiff"), proceeding in forma pauperis, has filed a Motion for the Appointment of Counsel [Dkt. 90]. The Court has assessed the factors bearing on whether to exercise the discretion reserved to it under 28 U.S.C. § 1915(e)(1), and finds that appointment of counsel is not warranted at this time.

**Discussion**

In his Amended Complaint [Dkt. 15], Tilley alleges, <u>inter alia</u>, "medical negligence" and numerous acts on the part of the Defendants exhibiting "blatant disregard for the priority of his entitlement to reasonable conditions for conducting a trial." <u>Id.</u> at ¶ 22. Count One challenges the adequacy of medical care under the Eighth and Fourteenth Amendments. <u>Id.</u> at ¶¶ 171-13. In Count Two, Tilley alleges that he suffered a deprivation of rights under the Fourth, First, Eighth and Fourteenth Amendments. <u>Id.</u> at ¶ 178. Count Three rests on Tilley's assertion that he was

punished without due process when he was denied access to the law library and his legal materials were seized, and that the Defendants' actions violated his rights under the Fourth, Fifth Sixth, Eighth, and Fourteenth Amendments. Id. at ¶ 188-89. Counts Four and Five reprise Tilley's Eighth and Fourteenth Amendment claims, and Counts Six and Seven do the same as to claims made under the Fourth, First, Eighth, and Fourteen Amendments  See id. at ¶¶ 195, 202, 209, 216. Counts Eight, Nine, and Ten reiterate claims made elsewhere in the Amended Complaint. Two Motions to Dismiss are pending [Dkt. 61, 85 ].

The provisions of 42 U.S.C. § 1915(e)(1) give the Court broad discretion to determine, on a case by case basis, whether appointment of counsel is warranted. Tabron v. Grace, 6 F.3d 147, 157-58 (3d Cir. 1993). At the outset, the Court must consider whether the claims have arguable merit. Parham v. Johnson, 126 F.3d 454, 457 (3d Cir. 1997). See also Tabron, 6 F.3d at 155. If they do, the Court must assess the following:

1. the plaintiff's ability to present his or her own case;

2. the complexity of the legal issues;

3. the degree to which factual investigation will be necessary and the ability of the plaintiff to pursue such investigation;

4. whether the case is likely to turn on credibility determinations;

5. whether the case will require the testimony of expert witnesses; and

6. whether the plaintiff is able to retain and afford counsel.

Parham, supra. "Th[is] list of factors is not exhaustive, but instead should serve as a guidepost

2

for the district courts.  Correspondingly, courts should exercise care in appointing counsel because volunteer lawyer time is a precious commodity and should not be wasted on frivolous cases." Id. at 458.

The Court has reviewed each of Tilley's allegations and concludes that appointment of counsel is not necessary at this juncture.  Looking to the merits of this action, it is not certain that Tilley has provided a sufficient factual basis for his claims; the Defendants have filed a non-frivolous challenge to the Amended Complaint.  The Court will assume, however, for purposes of this Motion, that Tilley's claims do have merit, and will address the remaining Parham factors. First, the issues presented by the Defendants' Motions to Dismiss are neither difficult nor complex. Tilley states in the Amended Complaint that he is recognized as a "jailhouse lawyer," and is sought out by other inmates on the basis of this reputation. He also states in his Motion that he is "able to litigate this case" if he is provided with paper and postage.[1]  The next Parham consideration – the degree to which factual investigation is necessary to respond to the Motions to Dismiss - does not weigh in favor of appointing counsel.  This case has not progressed to a point where credibility of witnesses is at issue, or an expert witness is needed. The only factor weighing in Tilley's favor is his apparent inability- as evidenced by his *in forma pauperis* status - to afford counsel  This single factor does not, entitle Tilley to have his Motion granted.

---

[1] It appears that the Plaintiff may have been motivated to file the Motion for Appointment of Counsel by the Court's denial of his request, in an Omnibus Motion filed at [Dkt. 71], that he be provided, at government expense, with supplies such as paper, pencils, and postage. That request was evaluated fully against the background of controlling law in the Court's March 16, 2010 Order [Doc. 76], and will not be revisited.  Insofar as the Motion for Appointment of Counsel purports to include an alternative Motion to Reconsider the ruling delineated in the earlier Order, it will be denied.

The Court finds that the interests of justice do not require the appointment of counsel. See <u>Lassiter v. Dept. Social Services</u>, 452 U.S. 18 (1981). The Plaintiff's Motion [Dkt.90] will, therefore, be denied without prejudice to refiling after resolution of the pending Motions to Dismiss.

An appropriate Order follows.

April 30, 2010

By the Court,

/s/ <u>Amy Reynolds Hay</u>
Chief United States Magistrate Judge

cc: Lacy E. Tilley, Jr.
#142623
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA 15219

All Counsel of Record via CM-ECF