# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LACY E. TILLEY, JR., ) | |
| Plaintiff, ) | |
| ) | Civil Action No.09-299 |
| vs. ) | Judge Arthur J. Schwab/ |
| ) | Magistrate Judge Maureen P. Kelly |
| ALLEGHENY COUNTY JAIL; ) | |
| RAMON RUSTIN, Warden; ) | |
| U.S. MARSHALL SUPERVISOR; ) | |
| C.0. BUTLER; CAPTAIN LEIGHT; ) | |
| CAPTAIN MAUST; CAPTAIN ) | |
| STANTON; SERGEANT COULTER; ) | |
| KENGERSKI; C.O. KOVAC; CAPTAIN ) | |
| DEMORE; ALLEGHENY COUNTY ) | |
| HEALTH SERVICES; DANA PHILLIPS;) | |
| DR. MEBANE; NURSE NANCY, ) | |
| Defendants. ) | |

## REPORT AND RECOMENDATION

### I.    RECOMMENDATION

It is respectfully recommended that the Amended Complaint in the above-captioned case, ECF No. 15, be dismissed for failure to prosecute.

### II.    REPORT

Plaintiff, Lacy Tilley, filed a civil rights Complaint against Defendants Allegheny County Jail, Ramon Rustin, Lance Bohn, Barry Emmerick, U.S. Marshal Supervisor, C.O. Butler, Captain Maust, Captain Leight, Captain Pofi, Captain Demore, Captain Stanton, Sergeant Coulter, Sergeant Kengerski, C.O. Kovac, Allegheny County Health Services, Dana Phillips, Dr. Mebane and Nurse Nancy, alleging the violation of his rights under the First, Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments to the United States Constitution.

Defendants Butler and Kovac filed a Motion for Summary Judgment on September 9, 2011 at ECF No. 120.  Defendants Allegheny County Health Services, Mebane, Nancy and Dana

Phillips also filed a Motion for Summary Judgment at ECF No. 123. On October 13, 2011, United States Magistrate Judge Kelly granted Plaintiff an extension of time until November 14, 2011, to file responses to Defendants' Motions for Summary Judgment. As of December 7, 2011, responses had not been filed by Plaintiff and Magistrate Judge Kelly issued an Order to Show Cause, returnable December 21, 2011, directing Plaintiff to explain why this action should not be dismissed as a result of his failure to respond to Defendants' Motion for Summary Judgment. ECF No. 127. On December 20, 2011, the United States Postal Service returned the Order to the Court, indicating that delivery was attempted, but Plaintiff is no longer at the address provided to the Court. To date, Plaintiff has failed to notify the Court of his whereabouts or given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party, the court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and,

(6) the meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed. Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's Orders. Plaintiff's failure to

notify the Court of his change of address so the Court can communicate with him and/or to respond to the Orders dated October 13, 2011, and December 7, 2011, advising him of the due date of his response to Defendants' Motions for Summary Judgment and requiring him to explain his failure to do so, was not only solely his personal responsibility but appears willful and constitutes a history of dilatoriness.

With respect to the second factor – the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders – Defendants have incurred the expense of defending this case for the past two years, including filing several motions and briefs in support thereof as well as responding to Plaintiff's numerous litigious filings and conducting discovery as to each of Plaintiff's claims. Accordingly, Defendants have been prejudiced in defending this action and now appear to also suffer the delay of resolving this dispute, which has been vigorously defended. Factor No. 6 – the meritoriousness of the claim – will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Since Plaintiff filed this action without the payment of the required filing fee, it does not appear that monetary sanctions are appropriate. Moreover, because he has failed to comply with the Court's Orders so that the case may proceed, as evidenced by his failure to respond to the Order to Show Cause, and his failure to advise the Court of his current address, it appears that Plaintiff has no serious interest in pursuing this case. Therefore, dismissal is the most appropriate action for this Court to take and it is respectfully recommended that the complaint in the above-captioned case be dismissed since no other sanctions will serve justice. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982). Accordingly,

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance

3

with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure to timely file objections will constitute a waiver of any appellate rights. <u>Siers v. Morrash</u>, 700 F.3d 113, 116 (3d Cir. 1983). <u>See</u> <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

          Respectfully submitted,

          <u>/s/Maureen P. Kelly</u>
          United States Magistrate Judge

Dated: December 22, 2011

cc: Lacy E. Tilley, Jr**.**
    #09028-068
    FCI Forrest City Low
    Federal Correctional Institutional
    PO Box 9000
    Forrest City, AR 72336

    All counsel of record via CM/ECF