IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LACY E. TILLEY, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ALLEGHENY COUNTY JAIL; )<br>RAMON RUSTIN, Warden; )<br>U.S. MARSHALL SUPERVISOR; )<br>C.0. BUTLER; CAPTAIN LEIGHT; )<br>CAPTAIN MAUST; CAPTAIN )<br>STANTON; SERGEANT COULTER; )<br>KENGERSKI; C.O. KOVAC; )<br>ALLEGHENY COUNTY HEALTH )<br>SERVICES; DANA PHILLIPS; DR. )<br>MEBANE; NURSE NANCY, )<br>)<br>Defendants. ) | Civil Action No. 09-299<br>Judge Arthur J. Schwab/<br>Magistrate Judge Maureen P. Kelly |

## **MEMORANDUM ORDER**

The above-captioned pro se civil rights action was received by the Clerk of Court on March 10, 2009, and was originally referred to United States Magistrate Judge Amy Reynolds Hay, prior to her untimely death, for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and the then in-force Local Rules 72.1.3 and 72.1.4, which do not materially differ from the now in force Local Civil Rules 72.C and D.   Subsequently, the case was referred to Magistrate Judge Maureen P. Kelly.

Magistrate Judge Kelly's Report and Recommendation, ECF No. 128, filed on December 22, 2011, recommended that the case be dismissed after Plaintiff failed to file response to Motions for Summary Judgment filed by Defendants, ECF Nos. 120 and 123, after having been given an extension of time in which to do so.   ECF No. 126 and text order granting Plaintiff's Motion for Extension.   After Plaintiff failed to file his responses as required, the Court issued an Order To

Show Cause, requiring Plaintiff to explain his failure to file a response. ECF No. 127. Plaintiff's Response was due on December 21, 2011. The Order to Show Cause was returned by the Post Office as undeliverable. Apparently, Plaintiff had been transferred out of the Allegheny County Jail ("ACJ") to a United States Bureau of Prisons ("BOP") facility. Plaintiff did not notify the Court of his change of address. After the Order to Show Cause was returned, the Court ascertained Plaintiff's current address by means of the BOP Inmate Locator and sent the Report and Recommendation there. The Plaintiff was informed that in accordance with the Magistrate Judges Act, 28 U.S.C.§ 636(b)(1)(B) and (C), that he had to file any objections within a specified time. Plaintiff filed Plaintiff's Response/Appeal to Magistrate's Report and Recommendation (the "Objections"). ECF No. 129.

None of the Objections merit rejection of the Report and Recommendation nor extended comment. Initially, we note that in the Objections, Plaintiff asserted that he was "suddenly" transferred out of the Allegheny County Jail sometime in late November 2011. ECF No. 129 at 1. He further complains that he was transferred without having his legal materials accompany him. This may explain why Plaintiff did not respond to the Order to Show Cause that was not issued until after his transfer, however, Plaintiff offers no excuse as to why he failed to file his responses to the Defendants' Motions for Summary Judgment for which he requested an extension of time in which to respond and for which he was granted the extension. In fact, the Defendants' Motions for Summary Judgment were filed in September 2011. ECF No. 120 (filed 9/9/2011) and ECF No. 123 (also filed 9/9/2011). Plaintiff had originally been ordered to file his responses no later than October 7, 2011. However, Plaintiff then filed his Motion for Extension of Time on October 11, 2011 (already beyond the deadline previously set for his Responses to be filed), wherein he represented that he was busy with his criminal cases, and he

stated he only needed an "additional 4 – 5 days to complete responce [sic] motions with supporting briefs."  ECF No. 126.  On October 13, 2011, the Court by text order granted Plaintiff's Motion for Extension of Time and generously gave him until November 14, 2011.  Despite the generous extension, Plaintiff failed to file the required responses to the Motions for Summary Judgment.  Nor does Plaintiff offer any excuse as to why he did not file his responses given that he was not transferred out of the ACJ until "late November."  His "sudden" transfer out of the ACJ in late November, allegedly without his legal property, simply is irrelevant to Plaintiff's failures prior to his transfer.

Nor does Plaintiff offer any excuse as to why he failed to file a Notice of Change of Address with the Court following his transfer, which is again some indication of Plaintiff's lack of prosecution of this case.  Plaintiff does not explain why, even without his legal materials, he could not file a simple change of address with the Court.

In light of Plaintiff's failures and in light of his failure to offer any excuses as to why he did not respond to the pending Motions for Summary Judgment or why he failed to keep the Court informed of his current address, we agree with the Report and conclude that there is sufficient evidence to satisfy the <u>Poulis</u> factors in justifying dismissal of the case for failure to prosecute and/or for failure to obey Court orders.

After *de novo* review of the pleadings and the documents in the case, together with the Report and Recommendation and objections, the following order is entered:

**AND NOW**, this 25th day of January, 2012;

**IT IS HEREBY ORDERED** that the case is DISMISSED.

**IT IS FURTHER ORDERED** that the Report and Recommendation, ECF No. 128, filed on December 22, 2011, by Magistrate Judge Kelly, is adopted as the opinion of the court, as supplemented by this Memorandum Order.   The Clerk is to mark the case closed.

    s/ Arthur J. Schwab
    Arthur J. Schwab
    United States District Judge

cc:    The Honorable Maureen Kelly
       United States Magistrate Judge

       LACY E. TILLEY, JR.
       09028-068
       Federal Correctional Complex
       Post Office Box 9000-Low
       Forrest City, AR 72336

       Counsel of Record via CM-ECF